UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOE A et al.,

                        Plaintiff,

            v.

VEER HOSPITALITY PHOENIX LLC et al.,

                        Defendants.

CASE NO. 2:24-cv-01270-DGE

ORDER ON STIPULATED REQUEST TO MODIFY SCHEDULING ORDER (DKT. NO. 139)

Before the Court is the Parties' stipulated motion to modify the scheduling order and continue the case deadlines. (Dkt. No. 139.) The Parties have apparently scheduled a mediation between Plaintiff and Defendants NITSI, LLC and Choice Hotels International, Inc. for July 2, 2026. (*Id.* at 2.) They request a 60-day continuance of the trial date and all pretrial deadlines to complete the mediation process. (*Id.*)

On October 30, 2025, the Court held a scheduling conference with the Parties soon after the case was transferred to the undersigned to discuss case expectations for moving the case toward resolution or trial. (*See* Dkt. No. 122.) The Court offered the Parties the ability to

ORDER ON STIPULATED REQUEST TO MODIFY SCHEDULING ORDER (DKT. NO. 139) - 1

request additional time and informed the Parties that mediation was not a basis for granting extensions:

> It sounds like, what I'm hearing, the current schedule is good.  People are working on discovery in a timely fashion, and they don't project any issues in meeting the deadlines.  That's what I'm hearing or not hearing.  Rather, nobody is saying anything, one way the other, so that's what I'm taking from this.
>
> But, again, that means don't come back for an extension.  Because we are going to – we're going to keep this case going forward.  And it's either going to get resolved, or it's going to go to trial, one way or the other.
>
> Also, I forgot to mention.  Sometimes the parties come to me and say, hey, you know, what?  We've reached the point where now we think we can have a good-faith discussion about possible settlements, and we want an extension because we don't want to incur the cost of further discovery and preparing for trial.
>
> And I say: Great.  I applaud you.  I hope you all can get together as soon as possible and do mediation, but the dates are not moving.  Because that messes up my calendar as well as other cases' calendars.  And then it also takes the foot off the gas and no additional pressure at that point.
>
> So I just want you to be mindful of that as well.  That's not a basis, in my mind, to extend deadlines.  I appreciate the parties don't want to incur costs.  But, again, if you want to talk about it now, that you think you might try to do mediation early, and you want to do that, at some point, then let's build that into the schedule.  Otherwise, you know, we go forward, and we get ready for resolution or trial setup.
>
> Comments on that?  Any -- am I making anybody change their mind about the current dates?
>
> I just -- again, I just -- and I will refer back to this hearing, by the way.  When you file something, I will get the transcript, and I will say, hey, I actually told you this, and I'm quoting now what I said.
>
> All right.  No comments.  Perfect.  So we're going forward.

(Dkt. No. 127 at 18–19.)

The Parties' stipulated request (Dkt. No. 139) is DENIED.  All dates in the current scheduling order (*see* Dkt. No. 111) remain unchanged.

ORDER ON STIPULATED REQUEST TO MODIFY SCHEDULING ORDER (DKT. NO. 139) - 2

Dated this 22nd day of June 2026.

David G. Estudillo
United States District Judge